63 N.J. Super. 282 (1960)
164 A.2d 647
EMERIC BRUNO, ET AL., PLAINTIFFS-RESPONDENTS,
v.
JOHN HANNA, ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 27, 1960.
Decided October 17, 1960.
*283 Before Judges PRICE, GAULKIN and SULLIVAN.
Mr. Frank Romano argued the cause for plaintiffs-respondents.
Mr. Joseph Feinman argued the cause for defendants-appellants.
*284 The opinion of the court was delivered by SULLIVAN, J.A.D.
This appeal involves the construction of certain restrictive covenants of record insofar as they affect ten lots of vacant land in Ridgefield, New Jersey, owned by plaintiffs and on which plaintiffs propose to erect duplex dwellings for two or more families. Defendants, who are also property owners in the area in which the covenants are effective, contend that such covenants limit the use of the lands to a one-family dwelling on each lot. The trial judge, however, while he interpreted the covenants to mean that plaintiffs may erect only residences or dwelling houses and that not more than one residence or dwelling house may be erected on any one lot, also held that:
"A residence or dwelling house erected on one lot or more than one lot may be a one-family or more than a one-family residence or dwelling house. It may be a two-family or a duplex dwelling house for two families or four families. It may be a multi-family dwelling house."
The restrictions, which were created in 1907, embrace about 67 blocks containing some 1,287 lots. Because of the large number of property owners involved, defendants, twelve in number, were joined as class representatives. Eight of them appeared at the trial to oppose plaintiffs' claims for relief, and two of them prosecute this appeal.
The restrictions are five in number but only two of them are involved in this suit. They are as follows:
"That no more than one residence or dwelling house shall be erected on any lot hereby conveyed * * *."
"That the premises hereby conveyed shall be used for dwelling purposes only * * *."
It is important to note that the first restriction deals with what may be erected on a lot, and the second deals with the use to which the premises may be put.
Plaintiffs, who are desirous of erecting duplex dwellings for two or more families on each lot, assert that such intended *285 erection and use does not violate the foregoing restrictions and point to numerous two-family houses, duplex units and multi-family apartments in the area affected by the restrictions. Some of these are in the immediate vicinity of plaintiffs' lands.
Defendants claim that the phrase "one residence or dwelling house" in the covenant clearly indicates an intent to restrict the use of the property to one dwelling unit on each lot; i.e., a single family dwelling.
In making its ruling that the covenants did not restrict plaintiffs to the erection of single family houses on each lot, the trial court stated that the existence of numerous multi-family dwellings in the area "confirms the court's opinion that the interested parties have always adopted as a practical interpretation of the covenant that it does not limit the use of the lots to one-family dwellings alone." The court rejected any notion that the restrictions had been abandoned.
The covenants under consideration, insofar as use is concerned, provide nothing more than that the premises "shall be used for dwelling purposes only." There is no attempt to restrict the use to single family occupancy. The other covenant specifies "That no more than one residence or dwelling house shall be erected on any lot." The word "one" obviously refers to the number of buildings, and the words "residence or dwelling house" indicate the permissible type of structure.
Restrictions on the use to which land may be put are not favored in law because they impair alienability. They are always to be strictly construed, and courts will not aid one person to restrict another in the use of his land unless the right to restrict is made manifest and clear in the restrictive covenant. Hammett v. Rosensohn, 46 N.J. Super. 527 (App. Div. 1957), affirmed 26 N.J. 415 (1958). Illustrative of this policy are the following cases.
In Crane v. Hathaway, 4 N.J. Misc. 293 (Ch. 1926) a covenant that "only one dwelling house and a private garage *286 shall occupy this property," was held by the court not to bar a one-family house with two families living therein, or even a two-family house.
In Fortesque v. Carroll, 76 N.J. Eq. 583 (E. & A. 1910), the meaning of a covenant which provided that "Not more than one building shall be erected on a single lot," was held to be at least doubtful and the court refused to enjoin the property owner from erecting one building containing two residences.
Underwood v. Herman & Co., 82 N.J. Eq. 353 (E. & A. 1913) dealt with a restriction against the erection of "any building other than a dwelling house." Holding the restriction to be uncertain and indefinite the court refused to enjoin the erection of a three-story apartment building.
We are aware of the decision in Brigham v. H.G. Mulock Co., 74 N.J. Eq. 287 (Ch. 1908) to the effect that the erection of a double house under one roof was a violation of a restriction that "not more than one building be built or erected upon each lot for dwelling house purposes." The soundness of this holding however is questionable as is evidenced by the fact that none of the subsequently decided cases heretofore cited refer to it or follow its holding.
Other jurisdictions generally follow the same rule of strict construction of restrictive covenants. Some of these cases are almost factually identical with the one under review.
In Charlotte Consol. Const. Co. v. Cobb, 195 N.C. 690, 143 S.E. 522 (Sup. Ct. 1928), the restriction in the deed provided that the lot thereby conveyed was to be used for residential purposes only and that "there shall not at any time be more than one residence or dwelling house on said lot." It was held therein that the covenant would not be violated by the proposed erection of an apartment house containing four apartments. To the same effect see Bear v. Bernstein, 251 Ala. 230, 36 So.2d 483, 14 A.L.R.2d 1372 (Sup. Ct. 1948), where the covenant provided that the land shall be "used only for residential purposes * * * and that only one residence shall be erected on * * * *287 [the] lot." Cf. Annotation 14 A.L.R.2d 1376 (Multiple residence as violation of restrictive covenant).
Of course the rule of strict construction will not be applied to defeat the obvious purpose of a restriction. 26 C.J.S. Deeds § 163, p. 1102. However, the meaning of a restrictive covenant will not be extended by implication and all doubts and ambiguities must be resolved in favor of the owner's unrestricted use of the land. Anders v. Greenlands Corp., 31 N.J. Super. 329, at p. 341 (Ch. Div. 1954).
The trial judge properly applied the foregoing principles to the facts of this case.
Affirmed.