**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4210-17T2

KEVIN and CHERYL ROCHE,

    Plaintiffs-Appellants/
    Cross-Respondents,

v.

OCEAN BEACH AND BAY CLUB,

    Defendant-Respondent/
    Cross-Appellant.

_____

Argued October 8, 2019 – Decided October 28, 2019

Before Judges Yannotti, Currier, and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-0497-17.

Brian T. Giblin, Sr., argued the cause for appellants/ cross-respondents (Giblin & Gannaio, attorneys; Brian T. Giblin, Sr., and Brian T. Giblin, Jr., on the briefs).

Gregg S. Sodini argued the cause for respondent/cross-appellant (Cutolo Barros LLC, attorneys; Gregg S. Sodini, on the brief).

PER CURIAM

Plaintiffs Kevin and Cheryl Roche appeal from the April 5, 2018 order granting summary judgment to defendant Ocean Beach and Bay Club (defendant or the Club). Defendant appeals from the May 17, 2018 order denying its application for attorney's fees. We affirm both orders.

The Club, a New Jersey nonprofit corporation, was established in the 1950's to operate a community consisting of approximately 986 lots individually owned by members, with common areas, including a clubhouse. The Club leases a bay beach and an ocean beach for the use of its members. Plaintiffs own a home in the community.

A 1955 recorded map of the Club depicted the future acquisition of properties, including plaintiffs' lot. The original Club deed restrictions were recorded on January 9, 1957. The deed and by-laws require every resident to be a member of the Club. The first restriction states: "All property owners in this development are required to be members of a property owners' association known or to be known as 'OCEAN BEACH CLUB' or similar name and to faithfully abide by its rules." The restrictions require the members to pay "yearly collections" as consideration for the members' "exclusive use" of the beach and other common facilities.

2

The Club purchased by indenture the tract that included plaintiffs' property in 1961, fulfilling the plan depicted in the 1955 map. The indenture was recorded in October 1961.

Plaintiffs purchased their property in 1998. They claim they were never informed of the required Club membership as a condition of purchasing the property. Their deed stated the property is "SUBJECT TO COVENANTS, EASEMENTS, AND RESTRICTIONS OF RECORD, IF ANY, AND TO SUCH STATE OF FACTS AS AN ACCURATE SURVEY WOULD DISCLOSE."

Plaintiffs contend the title search of the property pursuant to their purchase revealed four prior deeds. The first, dated April 25, 1980, refers to plaintiffs' property "as shown on plan of Ocean Beach Unit #3, dated March 1, 1955 . . . ." A second deed, recorded on June 20, 1984, states the property is "SUBJECT to Ocean Beach, Unit No. 3 Restrictions attached hereto." The restrictions were not attached to the deed.

A June 15, 1987 deed recognizes the property is as "shown on [the] plan of Ocean Beach Unit #3," and states the property is "SUBJECT to easements, zoning ordinances and restrictions of record." Lastly, a September 27, 1991 deed described the property as "shown on a map of a portion of Ocean Beach Unit #3 . . . ."

A-4210-17T2

From 1998 until 2016, plaintiffs paid the annual Club member dues and used the Club's facilities. After plaintiffs' home was substantially damaged during Superstorm Sandy, they filed a building permit application with the Club to demolish and rebuild their residence. The application, signed by Kevin, stated:

> I, Kevin Roche, warrant that all work shall be performed in accordance with the description and specifications as they appear within the scope of this building permit application. I grant access to the exterior of my property to Ocean Beach and Bay Club staff and Trustees to insure compliance with [d]eed [r]estrictions and [Club] rules.

Plaintiffs received a permit on November 18, 2015. Thereafter, they refused to pay the Club's annual fees.

Plaintiffs' complaint sought a declaratory judgment that they were not subject to the Club's restrictions or required to be Club members because the restrictions were not included in their deed. After filing its answer and counterclaims, defendant sent plaintiffs a letter on October 13, 2017, advising the complaint lacked merit, and demanding dismissal of the action. The letter further advised that if plaintiffs did not dismiss the complaint, the Club would seek sanctions, including reasonable attorney's fees. Plaintiffs did not dismiss their complaint.

In February 2018, defendant moved for summary judgment, asserting: 1) plaintiffs were subject to the Club's deed restrictions; 2) plaintiffs had actual, inquiry, and constructive notice of the restrictions since the time of their purchase of the property in 1998; 3) it was entitled to declaratory judgment stating plaintiffs are members of the Club; and 4) plaintiffs breached their contract and other implied covenants with the Club.

Plaintiffs cross-moved for summary judgment, and included a certification from a title abstractor, Christopher Gillich. He opined that none of the deeds from 1953 to 1998 contained or mentioned the recorded restrictions. Thus, Gillich concluded that "a single reference in a [c]hain of [t]itle containing nearly thirteen [d]eeds to '[r]estrictions' that were not attached thereto would not have caused any reasonable suspicion as to a possible claim . . . ." Gillich asserted he performed a "reasonable and diligent inquiry" and was "unable to determine what restrictions, if any, would have applied to . . . [p]laintiff's property."

In a comprehensive written decision of April 5, 2018, Judge James Den Uyl granted defendant summary judgment and denied plaintiffs' cross-motion. The judge found plaintiffs had actual, constructive and inquiry notice of the deed restrictions from the time of their 1998 purchase of the property.

A-4210-17T2

Judge Den Uyl addressed each of the forms of notice in turn. He determined that the chain of title, plaintiffs' use of the Club's exclusive common property for twenty years, the payment of the annual Club member fees for eighteen years, and Kevin's acknowledgement of the Club deed restrictions on the building permit application demonstrated plaintiffs had actual notice of the deed restrictions.

The judge also found plaintiffs had constructive notice of the restrictions because the 1984 deed, included in plaintiffs' chain of title, "clearly and unambiguously" stated the property was "SUBJECT" to the Club restrictions. The judge noted it was the developer's intent to include plaintiffs' property, as indicated on the 1955 map and 1961 indenture, in the planned community, and therefore, the property was subject to the deed restrictions.

In considering inquiry notice, Judge Den Uyl found that a reasonable and diligent inquiry included searching through the deed books. He reasoned that the 1984 deed's "SUBJECT" language "demanded further investigation by [p]laintiffs." This inquiry would have "taken minimal effort" and would have revealed the restrictions with "relative[] ease" due to the references in the chain of title to the 1955 map and the restrictions.

Therefore, Judge Den Uyl granted defendant summary judgment, stating: "[p]laintiffs, as owners of the Lot, are obligated to be members of [the Club], are obligated to comply with the rules, regulations, and restrictions of [the Club], and may enjoy the rights of membership of [the Club]." The judge also found plaintiffs had breached their contract with the Club and the implied covenants of the homeowner's association by failing to pay the annual member dues. He ordered plaintiffs to pay the outstanding amount due.

Subsequent to the court's order, defendant filed a motion for attorney's fees and costs under Rule 1:4-8 and N.J.S.A. 2A:15-59.1, alleging plaintiffs' claims lacked merit and were not supported by a good faith argument.

In a May 17, 2018 written opinion, Judge Den Uyl denied defendant's motion. He noted that, although plaintiffs' deed referred to restrictions in the chain of title, the restrictions were not attached. In addition, when plaintiffs consulted with a title agency in 2016, the agency advised them it had not found any "restrictions contained in the [d]eed. . . ." Therefore, the judge found, under "the totality of the circumstances," plaintiffs' claims were not frivolous at the outset of their case. Because plaintiffs had "a reasonable and good faith belief in the merits of their case," the judge denied defendant's motion for attorney's fees.

A-4210-17T2

On appeal, plaintiffs contend they did not have any form of notice of the deed restrictions, the judge erred in not considering their expert's opinion, and defendant was not entitled to summary judgment. Defendant cross-appeals, asserting error in the denial of its motion for attorney's fees and costs.

We review a grant of summary judgment de novo, observing the same standard as the trial court. Townsend v. Pierre, 221 N.J. 36, 59 (2015) (citing Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405-06 (2014)). Summary judgment should be granted only if the record demonstrates "there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c).

In determining whether a summary judgment motion was properly granted, we review the evidence, "draw[ing] all legitimate inferences from the facts in favor of the non-moving party." Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016) (citing R. 4:46-2(c)); see also Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

If no genuine issue of material fact exists, the inquiry then turns to whether "the trial court correctly interpreted the law." DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (citation omitted). Our review of issues of law is de novo; we accord no

deference to the trial judge's legal conclusions. Nicholas v. Mynster, 213 N.J. 463, 478 (2013) (citing Murray v. Plainfield Rescue Squad, 210 N.J. 581, 584 (2012)).

Under New Jersey's well-established common law, restrictive covenants are generally disfavored. Cooper River Plaza E., LLC v. Briad Grp., 359 N.J. Super. 518, 526 (App. Div. 2003). "Restrictions on the use to which land may be put are not favored in law because they impair alienability." Bruno v. Hanna, 63 N.J. Super. 282, 285 (App. Div. 1960). Accordingly, enforcement of provisions by one person restricting another in the use of his land occurs when "the right to restrict is made manifest and clear in the restrictive covenant." Ibid. (citing Hammett v. Rosensohn, 46 N.J. Super. 527 (App. Div. 1957)).

Despite the premise of strict construction, our courts have upheld a restrictive covenant if it is found in the chain of title. See Pearson v. DMH 2 LLC, 449 N.J. Super. 30, 50 (Ch. Div. 2016) (citations omitted); see also Olson v. Jantausch, 44 N.J. Super. 380, 388 (App. Div. 1957). Therefore, plaintiffs are subject to the restrictions referenced in the 1984 and earlier deeds.

Even if the restrictions are applicable to their property, plaintiffs contend they cannot be bound by the restrictions, as they had no notice of them. We disagree.

"Under New Jersey law, '[a] grantor may, by covenant in a deed, restrict the use of land conveyed for the benefit of land retained and bind the grantee and his or her successors in title <u>who take with notice</u>.'" <u>Pearson</u>, 449 N.J. Super. at 49-50 (alteration and emphasis in original) (quoting <u>Perelman v. Casiello</u>, 392 N.J. Super. 412, 418 (App. Div. 2007)). There are three forms of notice: actual, constructive, and inquiry.

> <u>Actual</u> notice arises when the purchaser has actual knowledge or information that a claim is outstanding against the property he or she proposes to acquire. It exists even though the purchaser may have to make an inquiry to ascertain the validity of the claim.
>
> <u>Constructive</u> notice is notice inferred from the record and it exists whether or not the purchaser inspects the record. It exists when the record reveals the outstanding claim even if the purchaser must make an inquiry to ascertain the validity of the claim.
>
> <u>Inquiry</u> notice (notice inferred from secondary facts) exists when the purchaser has notice of some fact that, in accordance with human experience, is sufficiently curious or suspicious that the purchaser should be obliged to make a further inquiry into it. If a reasonable inquiry would reveal that there is another outstanding interest, then the purchaser is on inquiry notice of that interest.
>
> [14 Powell on Real Property §82.02(1)(d)(iv) (Michael Allan Wolf ed. 2019) (emphasis in original).]

We are satisfied Judge Den Uyl's determinations on the forms of notice in his well-reasoned decision are supported by the record. Evidence that plaintiffs had actual notice of the restrictions is found in Kevin's statement in the building permit application in which he acknowledged demolition and rebuilding of the property must comply with "[d]eed [r]estrictions and [Club] rules." Plaintiffs lived on a private road maintained by the Club and used the common area facilities for twenty years. They also paid their annual member dues until 2016. These actions demonstrate plaintiffs' awareness of their membership in the Club and knowledge of the restrictions on their property.

Our courts have previously considered, and rejected, the argument that a subsequent purchaser does not have constructive notice of a deed restriction if it is not mentioned in their deed. See Pearson, 449 N.J. Super. at 50; see also Olson, 44 N.J. Super. at 388 (finding "[t]he fact that [the] defendants' deed contained no mention of the restriction [was] of no moment" because the restriction was in the chain of title).

Here, the restrictions were recorded publicly several times, beginning in 1957. Subsequent deeds referred to the restrictions, as close in time as 1984, and plaintiffs' own deed advised it was subject to any restrictions of record. All

11

of these deeds were readily available. Because the restrictions were found in the chain of title, plaintiffs were on constructive notice of them.

Similarly, the language in plaintiffs' own deed and the 1984 deed included in the title search and in their chain of title supports a finding of inquiry notice. As we have stated:

> It is well recognized that a record which affords record notice of the transfer therein made may contain a statement or recital which does not of itself give either record notice or actual notice but which does place on inquiry one who is affected by the record. . . . A purchaser who is placed on inquiry is chargeable with notice of such facts as might be ascertained by a reasonable inquiry.
>
> [Garden of Memories v. Forest Lawn Mem'l Park Ass'n, 109 N.J. Super. 523, 534-35 (App. Div. 1970) (citations omitted).]

A purchaser "will be charged with knowledge of whatever such an inquiry would uncover where facts are brought to his attention, 'sufficient to apprise him of the existence of an outstanding title or claim, or the surrounding circumstances are suspicious and the party purposefully or knowingly avoids further inquiry.'" Friendship Manor Inc. v. Greiman, 244 N.J. Super. 104, 108 (App. Div. 1990) (emphasis in original) (quoting Scult v. Bergen Valley Builders, Inc., 76 N.J. Super. 124, 135 (Ch. Div. 1962)).

The language in plaintiffs' own deed was sufficient to apprise them that a search of the deed book would reveal the restrictions referred to in the deed. However, they did not need to even perform that search because the 1984 deed included in their chain of title explicitly stated the property was "SUBJECT to Ocean Beach, Unit No. 3 restrictions attached hereto." Even though the restrictions were not attached to the deed, this provided notice of the existence of restrictions, which were discoverable through a reasonable investigation. The chain of title here was limited and not complicated. A review of it clearly indicates plaintiffs' property is subject to the Club's restrictions.

Plaintiffs' assertion that the trial court erred in not considering Gillich's "unrefuted expert opinion" as clear evidence that they were not on actual, constructive, or inquiry notice of the deed restrictions is meritless.[1] Plaintiffs did not name Gillich as an expert or produce any expert report during the discovery period. Gillich's opinion was only proffered to defendant in a four-page certification in opposition to defendant's summary judgment motion and in support of plaintiffs' cross-motion.

_____

[1] Judge Den Uyl does not refer to the expert's certification in his April 5, 2018 decision. It is not clear if there was oral argument on the summary judgment motions. Since we have not been provided with a transcript of any argument, we do not know if there was any discussion of the certification. The judge did consider the expert's conclusions in his May 17, 2018 opinion.

Because plaintiffs failed to comply with any of the procedural requirements regarding the production of an expert report, it was not an abuse of discretion for the judge to reject the expert's opinion. See R. 4:10-2(d)(1); see also R. 4:17-7. Even so, Judge Den Uyl referred to the report in his second decision, noting the expert's opinion that none of the deeds from 1953 to 1998 contained or referred to the recorded restrictions. This conclusion is contradicted by the evidence in the record, notably the language in the 1957, 1984, 1987 and plaintiffs' own 1998 deed referring to the deed restrictions. Because the expert's conclusions were unsupported by factual evidence, the judge was not bound by them.

We turn to defendant's cross-appeal, reviewing the trial judge's decision for an abuse of discretion. Bove v. AkPharma Inc., ___ N.J. Super. ___, ___ (App. Div. 2019) (slip op. at 23) (citing McDaniel v. Man Wai Lee, 419 N.J. Super. 482, 498 (App. Div. 2011)). We will reverse a decision only when "the discretionary act was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment." Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005) (citing Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

14

We discern no error in the judge's determination not to award counsel fees to defendant. The judge found plaintiffs had a good faith belief in their cause of action at the outset of their case because their deed did not list any restrictions and the 1984 deed did not attach the restrictions. As we have stated, sanctions are not warranted where the party or the party's attorney "had a reasonable, good faith belief in the merits of the action" or defense. Wyche v. Unsatisfied Claim & Judgment Fund of N.J., 383 N.J. Super. 554, 561 (App. Div. 2006) (citing DeBrango v. Summit Bancorp, 328 N.J. Super 219, 227 (App. Div. 2000)). We see no reason to disturb his ruling.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4210-17T2