238 N.J. Super. 66 (1990)
568 A.2d 1225
MAURICE SOUSSA AND ESTHER SOUSSA, PLAINTIFFS-APPELLANTS,
v.
DENVILLE TOWNSHIP PLANNING BOARD, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 12, 1989.
Decided January 23, 1990.
*67 Before Judges PRESSLER, LONG and LANDAU.
Allen Hantman argued the cause for appellants (Morris and Hantman, attorneys).
Joel Murphy argued the cause for respondent (Murphy and Kurnos, attorneys).
The opinion of the court was delivered by LONG, J.A.D.
In 1977, plaintiffs Maurice and Esther Soussa, property owners in the Township of Denville, submitted an application for major subdivision approval to the defendant, Denville Township Planning Board (Board). By resolution, the Board approved the subdivision allowing nine building lots. The approval was granted on condition that the remaining 20.22 acre tract of land be unavailable for future subdivision.
In addition, the Board requested that plaintiffs limit construction on the property to one single family residence. For their part, plaintiffs agreed to place restrictive covenants in the deed to the land barring subdivision and limiting construction as outlined. In keeping with this agreement, plaintiffs executed a new deed which included the restrictive covenant and which was conveyed by plaintiffs as grantors to themselves as grantees.
*68 In 1988, plaintiffs filed an application with the Board to subdivide the 20.22 acre tract contrary to the deed restriction. The Board ruled that it lacked jurisdiction to review the application because of the deed restriction and suggested that plaintiffs apply for relief from the governing body of Denville. Instead, plaintiffs filed a complaint in lieu of prerogative writs seeking to compel the Board to hear and decide their application.
The trial judge dismissed the complaint on the ground that the deed restriction surrendered a right of the plaintiffs and, in exchange, created a property right in the public which the Board had no authority to give up. Plaintiffs appeal. The gist of plaintiffs' argument on this appeal is that, where circumstances have changed, a party is not precluded from applying to the Board for modification of a prior subdivision. The trial judge recognized the general correctness of this contention:
THE COURT: Let me just interrupt you for a minute, Mr. Hantman, because, you see, if you went in before the Board in 1977, with a development proposal for this lot, and they turned you down, and now you come back in or try to come back in in 1988 or 1989 and have either a different development proposal for the same lot or maybe even the same one, but now there may have been changed circumstances, I would certainly say that after twelve years you would be entitled to have them take a fresh look at whatever it was you were asking them to look at in terms of the development of this land and that they couldn't just refuse to hear it because they had heard an application for the property and ruled on it twelve years ago. Res judicata would not bar your application.
This reasoning clearly accords with our holding in Allied Realty, Ltd. v. Borough of Upper Saddle River, 221 N.J. Super. 407, 534 A.2d 1019 (App.Div. 1987), certif. den. 110 N.J. 304, 540 A.2d 1284 (1988). There, we concluded that the rule of res judicata does not bar the making of a new application for a variance where one has previously been denied; or for subdivision approval or modification or enlargement of a previously granted approval; or for the removal of earlier imposed conditions. Allied Realty, 221 N.J. Super. at 413-414, 534 A.2d 1019. As we indicated, "changed circumstances or other good cause may warrant reconsideration by the local authorities." Allied Realty, 221 N.J. Super. at 414, 534 A.2d 1019 (citing *69 Russell v. Tenafly Bd. of Adjustment, 31 N.J. 58, 66, 155 A.2d 83 (1959)).
As the trial judge correctly noted however, this case falls outside the general rule because it involves a restriction in the deed. Although that deed was one from plaintiffs to themselves, it specifically recited that the restriction was imposed in reliance on the resolution of the planning board which resolution in turn recited that the restriction was required so "that there be adequate protection afforded the township and the general public ..." The public of Denville was thus the intended third party beneficiary of the covenant in the deed and is not only entitled to maintain an action to enforce it (Roehrs v. Lees, 178 N.J. Super. 399, 429 A.2d 388 (App.Div. 1981)) but is a necessary party to any action to lift the restriction. It is equally clear that neither the Board nor the governing body of Denville has the power separately or together to eliminate the covenant in the deed. The dismissal of the action was therefore proper.
This is not to say that plaintiffs are without recourse. Like a proceeding to enforce a covenant, this case, which is in the nature of an action to quiet title, can be instituted by the Soussas in Superior Court, Chancery Division. N.J.S.A. 2A:62-1 et seq.; City of Paterson v. Schneider, 31 N.J. Super. 598, 107 A.2d 553 (App.Div. 1954). There the Soussas may challenge the continued viability of the covenant on the ground of changed conditions. The pivotal consideration for the court will be to determine exactly what benefit the covenant was meant to bestow on the public and whether it would be equitable to enforce the covenant in light of present day realities. Leasehold Estates, Inc. v. Fulbro Holding Co., 47 N.J. Super. 534, 136 A.2d 423 (App.Div. 1957), certif. granted 25 N.J. 538, 138 A.2d 78 (1958). It will be for the trial judge to decide how the public interest is to be represented in the case.
Affirmed.