**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5210-18T1

SERGIO MARTINS and
SANDRA MARTINS,

    Plaintiffs-Respondents,

v.

TOWNSHIP OF CRANFORD,

    Defendant-Appellant.

_____

Argued telephonically August 25, 2020 –
Decided September 11, 2020

Before Judges Alvarez and Gooden Brown.

On appeal from the Superior Court of New Jersey,
Chancery Division, Union County, Docket No. C-
000141-18.

Renier P. Pierantoni argued the cause for appellant
(Cooper, LLC, attorneys; Ryan J. Cooper, of counsel
and on the briefs; Francine M. Kaplan, on the briefs).

Stephen F. Hehl argued the cause for respondents
(Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins,
attorneys; Stephen F. Hehl, of counsel and on the brief;
Joshua J. Koodray, on the brief).

PER CURIAM

Defendant Township of Cranford (the Township) appeals from the June 25, 2019 Chancery Division order entered in favor of plaintiffs, Sergio and Sandra Martins, declaring the restraints, covenants, or conditions contained in their deed "moot," as having been previously "fulfilled." We affirm.

We glean these facts from the record. On October 27, 2016, plaintiffs acquired title to 116 Garden Street in Cranford (the property) for a purchase price of $425,000. The property was designated as Block 285, Lot 5, on the Township's tax map. The deed, which was recorded on November 18, 2016, was "subject to all covenants, agreements, easements and restrictions of record."

The property consisted of one lot encompassing Parcels A, B, and C. A prior owner, Ravenell Williams, acquired Parcel C from Mary Brown in 1959. Thereafter, in 1970, Williams acquired Parcel B from the Township for $1000 with the condition that "[t]he lands herein conveyed shall be used only in conjunction with adjoining property owned by the grantees to form one building lot."

Subsequently, in 1973, Williams acquired Parcel A from the Township for $1000 with the same condition as Parcel B that the lands "shall be used only in conjunction with adjoining property owned by the grantees to form one building

lot." In a 1973 resolution authorizing the sale of Parcel A by public auction, the Township expressly referenced the condition in the public notice advertising the sale, and specified that the Township had "determined . . . that said lands and premises [were] not required for public purposes and that it [was] in the best interest of the Township that the same be sold at public auction."

After plaintiffs acquired the property, on August 24, 2017, they filed an application with the Township for approval of a minor subdivision in order to subdivide the property from one lot into two, proposing a single-family home on each lot. Plaintiffs also sought certain variances related to minimum lot area, minimum lot width, and combined side-yards. The property, which was located in the R-4 Zone, required minimum lot widths of sixty feet. Although the combined property had a width of 100 feet, originally, Parcel C had a lot width of fifty feet and Parcels A and B had lot widths of twenty-five feet each.

On November 29, 2017, the Township issued a certification of completeness, scheduled the matter for a development review committee meeting, and later a public hearing before the Township's Planning Board. During the public hearing, the Planning Board would not allow the application to move forward unless the condition was removed from Parcels A and B. Relying on Soussa v. Denville Twp. Planning Bd., 238 N.J. Super. 66 (App. Div.

1990), the Planning Board contended that it did not have the authority to release the condition because the Township and the general public were the intended beneficiaries of the deed.[1]

On October 5, 2018, plaintiffs filed a complaint seeking relief under the New Jersey Declaratory Judgment Act, N.J.S.A. 2A:16-50 to -62, and requested that the court issue "a judicial declaration in order to declare and settle the rights and obligations of the parties." In the complaint, plaintiffs asserted the condition was "invalid, null and void" and the Township's "refusal and/or failure to act has cast[] a cloud on title and restrains [p]laintiffs from fully enjoying and/or utilizing the [p]roperty."

Further, plaintiffs asserted in their complaint that Soussa was distinguishable from the instant matter because the deed restriction in that case

---

[1] In Soussa, we affirmed the dismissal of the plaintiffs' complaint in lieu of prerogative writs seeking to compel the Township's planning board to remove a restrictive covenant that expressly barred subdivision so that the board could review their subdivision application. Id. at 67-68. The deed "specifically recited that the restriction was imposed in reliance on the resolution of the planning board which resolution in turn recited that the restriction was required so 'that there be adequate protection afforded the township and the general public[.]'" Id. at 69. We held that inasmuch as "[t]he public . . . was . . . the intended third party beneficiary of the covenant" and was therefore both "entitled to maintain an action to enforce it" and "a necessary party to any action to lift" it, "[t]he dismissal of the action was . . . proper" because "neither the Board nor [the Township] ha[d] the power separately or together to eliminate the covenant in the deed." Id. at 68.

specifically referenced the fact that the restriction was being imposed to afford "adequate protection . . . to the Township and the general public." However, no such language referring to the "general public" existed in this matter, and the lot size was much smaller than the one at issue in Soussa.

The Township filed a contesting answer. Following oral argument, on June 25, 2019, the judge entered an order, granting plaintiffs a declaratory judgment. In the accompanying written decision, the judge held that "[t]he deed restriction on Parcels A and B" that "the lots be used to form one building lot" had "been fulfilled by operation of law." Relying on Loechner v. Campoli, 49 N.J. 504 (1967), the judge determined that "[t]he three contiguous lots have merged to form one building lot."

In reaching this conclusion, the judge determined that "[t]he Planning Board's reliance on [Soussa was] misplaced." The judge explained that the restriction in Soussa was imposed in reliance on the Planning Board's resolution granting Soussa's initial application "for major subdivision approval" to build on nine lots "on condition [that] the remaining 20.22 acres be left unavailable for future development." To that end, in Soussa, the new deed specified that the restriction was imposed to afford "adequate protection" to "the township and the general public."

The judge pointed out that when the plaintiffs in Soussa "later applied to subdivide the 20.22 acre tract contrary to the deed restriction[,]" the "Planning Board determined that it lacked jurisdiction to review the plan because of the deed restriction[,]" resulting in the dismissal of the Soussas' complaint, which dismissal was affirmed on appeal "on the ground that the applicants had created a property right in the public which the Town and Planning Board could not surrender." According to the judge, here, unlike the restriction in Soussa, "[t]here [was] no similar language creating a right in the public in the lands owned by the Martins" and "[t]he deed restriction required [the property to] be considered one lot, which ha[d] happened." Therefore, inasmuch as "[t]he deed restriction . . . ha[d] been fulfilled[,]" it was "moot" and there was "no restrictive covenant for the court to remove." This appeal followed.

On appeal, the Township argues that the judge erred in applying the merger doctrine enunciated in Loechner "because the deed restrictions and Loechner doctrine serve different purposes" and neither purpose "should override the other." According to the Township, while the "deed restrictions were an intentional and binding contract with Williams that was intended to run with the land," the "Loechner doctrine is a passive . . . and temporally specific rule of municipal land use law." While the Township acknowledges that "the

parcels . . . merged," it contends "such merger has not extinguished the deed restrictions expressly incorporated into the [d]eed." It asserts the restrictions should be enforced because they are "reasonable" restrictions intended to maintain the "existing zoning" and plaintiffs took title "with notice of the clear and unambiguous restriction" on the property's use.

"The term 'merger' is used in zoning law to describe the combination of two or more contiguous lots of substandard size, that are held in common ownership, in order to meet the requirements of a particular zoning regulation." Jock v. Zoning Bd. of Adjustment, 184 N.J. 562, 578 (2005). "[T]he purpose of the merger doctrine is to bring non-conforming lots into conformity and thus advance the zoning scheme." Id. at 582. "In effect, it requires subdivision approval for the development of individual substandard parcels if contiguous parcels have been, at any relevant time, in the same ownership and, at the time of such ownership, the parcel was not substandard." Id. at 578.

In Loechner, where the plaintiff acquired title to three adjoining lots, on which her house was situated, and later acquired title to two adjoining vacant lots, our Supreme Court held that despite separate designations on an old tax map, under the merger doctrine, the adjacent lots were part of a larger tract or parcel the plaintiff owned and "the separation of [the two vacant lots] from the

balance of the lots . . . constituted a subdivision." 49 N.J. at 511-12. "Although Loechner never actually used the word 'merger,'" in actuality, "a Loechner merger takes place as a matter of law where adjacent substandard lots come into common legal title." Jock, 184 N.J. at 581.

Here, based on our de novo review of questions of law, Fallone Props., LLC v. Bethlehem Twp. Planning Bd., 369 N.J. Super. 552, 561-62 (App. Div. 2004), Parcels A and B merged with Parcel C by operation of law. Specifically, Parcels A and B, the adjacent undersized lots, were owned by Williams before plaintiffs purchased the property, and thus merged with Parcel C as a matter of law to form one lot. Therefore, we agree with the judge that the condition that "[t]he lands herein conveyed shall be used only in conjunction with adjoining property owned by the grantees to form one building lot"[2] was fulfilled by virtue of the merger doctrine, and imposed no further restraint in that regard on plaintiffs to preclude the Planning Board's review of their subdivision application.

Even assuming the condition survived, unlike Soussa, the condition does not preclude subdivision to bar plaintiffs' subdivision application, nor specify

_____

[2] In Loechner, the Court observed that "[t]he sale of said lands was allegedly made pursuant to a municipal practice of selling undersized lots to adjoining owners for the purpose of combining the properties into one tract." Id. at 507.

that "'there be adequate protection afforded the township and the general public.'" Id. at 69. On the contrary, the 1973 resolution authorizing the sale of Parcel A specified that the Township had "determined . . . that said lands and premises [were] not required for public purposes and that it [was] in the best interest of the Township that the same be sold at public auction."

We base our strict construction of the condition on well settled principles that:

> Restrictions on the use to which land may be put are not favored in law because they impair alienability. They are always to be strictly construed, and courts will not aid one person to restrict another in the use of his land unless the right to restrict is made manifest and clear in the restrictive covenant.
>
> . . . .
>
> Of course, the rule of strict construction will not be applied to defeat the obvious purpose of a restriction. However, the meaning of a restrictive covenant will not be extended by implication and all doubts and ambiguities must be resolved in favor of the owner's unrestricted use of the land.
>
> [Cooper River Plaza E., LLC v. Briad Grp., 359 N.J. Super. 518, 526 (App. Div. 2003) (quoting Bruno v. Hanna, 63 N.J. Super. 282, 285, 287 (App.Div.1960)) (citation omitted).]

Here, no manifest or clear restriction on subdividing appears in the condition, and any ambiguity must be resolved in plaintiffs' favor.

9

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION